IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE MUNSON,

        Plaintiff,

v.

WELLS FARGO BANK,

        Defendant.

Case No. 6:18-cv-00650-MC

OPINION AND ORDER

MCSHANE, Judge:

    Defendant Wells Fargo Bank moves to dismiss Plaintiff's complaint with prejudice and without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, they ask the court to take judicial notice of eight proffered exhibits. ECF Nos. 5 & 6. Plaintiff Mr. Munson, proceeding *pro se*, has not filed a response to either Defendant's motion to dismiss or request for judicial notice. The parties did confer on Defendant's motion. *See*, Def.'s Mot. 1, LR 7-1 Certification.

    The allegations in the complaint stem from Defendant beginning a non-judicial foreclosure process on Plaintiff's residential property. Plaintiff alleges: (1) Defendant violated Oregon's mediation rules regarding non-judicial foreclosure under OAR 137-110; and (2) common-law fraud. Compl. 1-3, ECF No. 1, Ex. A. Because Mr. Munson's complaint fails to

1 – OPINION AND ORDER

state a claim upon which relief may be granted, this Court GRANTS the defendants' motions to dismiss.

## BACKGROUND

Accepting the facts as stated in the complaint as true, Plaintiff owns residential property located at 65725 Gerking Market Road, Bend, Oregon 97701 (the "Property"). Compl. ¶ 1. On or about October 7, 2008, Plaintiff obtained a loan from Wells Fargo, and executed a Promissory Note for the amount of $1,186,250.00. The note was secured by a Deed of Trust recorded in the Deschutes County Official Records on November 12, 2008. Req. for Jud. Notice ("RJN"), Ex.'s 1 & 2 ("Home Loan").

Plaintiff failed to pay on his Home Loan and went into default on February 1, 2011. After Mr. Munson defaulted, Wells Fargo started the process for non-judicial foreclosure. A Notice of Default and Election to Sell was recorded on November 27, 2017 in the Official Records of Deschutes County, Oregon under Recording No. 2017-047316. RJN, Ex. 3. The Trustee originally scheduled a foreclosure sale for April 11, 2018, which has since been postponed to June 29, 2018.

On April 9, 2018, Mr. Munson brought this action in state court alleging violation of Oregon's mediation rules regarding non-judicial foreclosure (OAR 137-110) and fraud. Service on the state action was "made" when the complaint was given to a bank teller at a local Wells Fargo branch in Bend, Oregon. Wells Fargo then removed the action to federal court on April 17, 2018. As noted, defendant now moves to dismiss the complaint. Mr. Munson did not respond and the time to do so has passed.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

2 – OPINION AND ORDER

sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Defendant's Request for Judicial Notice

As a preliminary matter, Defendant requests that this Court take judicial notice of eight items: Plaintiff's mortgage Note and Deed of Trust, both dated October 17, 2008 (ECF Nos. 6-1, 6-2); the Notice of Default and Election to Sell, dated November 27, 2017 (ECF No. 6-3); and five documents related to Mr. Munson's bankruptcy case filed January 10, 2011, case no. 11-30188-tmb11 (ECF Nos. 6-4, 6-5, 6-6, 6-7, 6-8). *See* RJN, ECF No. 6.

In general, material outside of the pleadings may not be considered in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir. 1995).

There are several exceptions to this general rule. First, a court may take judicial notice of "matters of public record," under Federal Rule of Evidence ("FRE") 201, so long as the facts contained therein are not subject to reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–90 (9th Cir. 2001); *Santa Monica Food not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006). Second, a court may take judicial notice of material incorporated into a complaint in order to develop its understanding of facts and inferences contained within the body of the complaint that are drawn from those incorporated materials. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Third, courts may properly notice, for the purpose of jurisdictional determinations, facts that are not subject to reasonable dispute that come from sources whose accuracy cannot be reasonably questioned. *Green v. United States*, 630 F.3d 1245, 1248 (9th Cir. 2011).

Defendant's Request for Judicial Notice is well-taken with respect to Exhibits 1–3 because they are incorporated into the complaint, per *Coto*, and I may therefore consider those articles for the truth of their content without converting Defendant's motion into one for summary judgment. 593 F.3d at 1038 (explaining incorporation by reference in the context of documents on which a complaint necessarily relies). A court may consider evidence on which the Complaint "necessarily relies" if: (1) the Complaint refers to the documents; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Here, Exhibits 1 and 2, the Note and Deed of Trust respectively, are both referenced throughout the Complaint. Exhibit 3 is the Notice of Default and Election to Sell which gave rise to the alleged harm in the Complaint.

In reaching my determinations on the instant motion, I may consider the full text of those

exhibits, rather than characterizations thereof. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014).

Judicial notice is appropriate for Exhibits 4 – 8, because they are true and correct copies of a judicial record of the United States Bankruptcy Court in a case filed by Plaintiff on his own behalf, and whose authenticity are "not subject to reasonable dispute." The documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## II. OAR 137-110

Plaintiff first alleges that Wells Fargo violated ORS 86.732(1) by failing to appear at a resolution conference with a representative who had "required authority to negotiate and make loan modifications." Compl. ¶ 9.

Prior to the commencement of a foreclosure of a residential trust deed, a non-exempt beneficiary must first request a resolution conference with the grantor. *See* generally ORS 86.726. If the grantor requests a resolution conference, the parties participate in a resolution conference to determine if foreclosure avoidance measures are available to the grantor. *See* generally ORS 86.726, .729, .732, .736. The conference is governed by the rules found in Oregon Administrative Rules 137-110 (Oregon Foreclosure Avoidance Program).

If a party alleges a violation of the Oregon Foreclosure Avoidance Program, ORS 86.741(3) provides a remedy under ORS 646.607 as an "unlawful practice." *Gosha v. Bank of N.Y. Mellon Corp.*, 2016 WL 7238927 at *6-7, No. 3:16-cv-00073-BR, (D. Or. Dec. 13, 2016). In turn, claims under ORS 646.607 may be prosecuted only by the State of Oregon. There is no private right of action for violations of ORS 646.607. *Gosha* at *7.

Because Plaintiff's allegation is for a violation of ORS 86.732(1), there is no private right of action. Plaintiff's claim for violation of OAR 137-110 is dismissed with prejudice.

**III. Fraud**

In Oregon, a party alleging a claim for fraud must allege the existence of nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Bank of N.Y. Mellon v. Stabenow*, 2017 WL 1538156, No. 3:16-cv-01590-MO, (D. Or Apr. 25, 2017)

In addition to the general pleading requirements, a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *Id.* At *8. This heightened standard requires a party to allege "the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Here, Plaintiff alleges only a general allegation of fraud, that he was fraudulently induced into entering the Home Loan transaction because of purported representations made to him by the Defendant. *See* Compl. For example, Plaintiff alleges Defendant "is guilty of mortgage fraud and fraudulent inducement in the matter of a $1,100,000 mortgage it made to Plaintiff . . ." (Compl. ¶ 4-1) and also that Defendant "willfully made false inducement promises to Plaintiff regarding mortgage terms and payment amounts." (Compl. ¶ 4-2). Plaintiff's claims for fraud do not sufficiently allege the time, place, and specific content of the false representations or the identities of the parties to the misrepresentations.

Because Plaintiff's claim for fraud fails to sufficiently allege the elements of fraud or the specificities under Fed. R. Civ. P. 9(b), the claim fails to provide sufficient notice to allow Wells Fargo to defend against the charge. Plaintiff's claim for fraud is dismissed without prejudice.

**CONCLUSION**

Because Plaintiff fails to state claims upon which relief may be granted, Defendant's motion to dismiss (ECF No. 5) is GRANTED. The claim for violation of OAR 137-110 is dismissed with prejudice. The claim for fraud is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 11th day of June, 2018.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge