IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE MUNSON,

       Plaintiff,

v.

WELLS FARGO BANK,

       Defendant.

_____

Civ. No. 6:18-cv-00650-MC

ORDER

**MCSHANE, Judge**:

      Plaintiff Steve Munson, proceeding *pro se*, moves today for a temporary restraining order enjoining defendant Wells Fargo Bank from foreclosing on Munson's home three days from now. ECF No. 11. On June 11, 2018, the Court granted defendant's motion to dismiss. ECF No. 7. In that opinion, I noted that Munson's claim that Wells Fargo violated the requirements of ORS 86.732(1) failed because the statute does not provide for a private right of action. Opinion, at 5-6. As amendment would be futile, I dismissed that claim with prejudice. Because Munson's fraud claim failed to meet the heightened pleading requirements of rule 9(b), I dismissed that claim without prejudice. The following day, the clerk mailed Munson a copy of that opinion, along with a judgment also dated June 11, 2018. ECF No. 8.

1 – OPINION AND ORDER

Over six weeks later, Munson moves to "reopen" the case, ECF No. 10, and for a temporary restraining order preventing next Monday's foreclosure sale, ECF No. 11. Although Munson did not file an amended complaint, he provided a memorandum in support outlining reasons he believes the court should issue a restraining order. Munson also states that he "is preparing **Motion For Leave To Amend Complaint** which will address fraud claim deficiencies and/or other fraud claim issues described in [the Court's order] . . . ." ECF No. 10, 2.

The Judgment did not provide Munson with a date in which to file an amended complaint as to the fraud claim. As noted, that claim was dismissed without prejudice. To the extent Munson asks for a time period in which to file an amended complaint, he is granted 14 days to file an amended complaint meeting the heightened pleadings standards under rule 9(b).[1] Should Munson prevail on his claim that Wells Fargo fraudulently induced him to enter the loan, he would of course be irreparably harmed by the planned foreclosure. Although Munson's motion provides scant specifics regarding the who, what, when, and where of the alleged fraud, he appears to argue "Wells fraudulently Induced Plaintiff into signing a mortgage which it never intended to modify even though it stated that modification would happen." ECF No. 11, 1-2. Wells Fargo will of course be free to move to dismiss Munson's amended complaint and shall not conduct the foreclosure sale until the Court rules on any motions following Munson's filing of the amended complaint.

DATED this 27th day of July, 2018.

                                                      /s/ Michael McShane
                                                    **Michael J. McShane
                                                    United States District Judge**

---

[1] Because ORS 86.732(1) does not provide a private right of action, I decline to "reopen" that portion of Munson's complaint. That claim was dismissed with prejudice, and the time to appeal has passed. Fed. R. App. P. 4.

2 – OPINION AND ORDER