IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE MUNSON,

        Plaintiff,

        v.

WELLS FARGO BANK,

        Defendant.

Case No. 6:18-cv-00650-MC

OPINION AND ORDER

MCSHANE, Judge:

      Defendant Wells Fargo Bank moves to dismiss Plaintiff Steve Munson's First Amended Complaint ("FAC") with prejudice and without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Def.'s Mot. to Dismiss 1, ECF No. 17. In support of its motion, Defendant asks the Court to take judicial notice of eight proffered exhibits, as well as a number of previously judicially noticed documents and related exhibits. Def.'s Request for Judicial Notice, ECF No. 18; *see also* Op. and Order 3–5, ECF No. 7. Because Plaintiff's FAC fails to state a claim upon which relief may be granted and faces standing, preclusion, and statute of limitations issues, this Court GRANTS Defendant's Motion to Dismiss.

1 – OPINION AND ORDER

# BACKGROUND

A detailed rendering of the facts of this case is set forth in the Opinion and Order granting Defendant's first Motion to Dismiss. *See* Op. and Order 2. For the purposes of this Opinion and Order, the notable facts are as follows. Plaintiff failed to pay on a loan he obtained from Wells Fargo on or about October 7, 2008 and went into default on February 1, 2011. Wells Fargo then started the process for non-judicial foreclosure. Plaintiff brought this action in state court on April 9, 2018. Wells Fargo removed the action to federal court on April 17, 2018. This Court dismissed Plaintiff's fraud claims without prejudice on June 11, 2018. Op. and Order 6–7. Plaintiff was granted the opportunity to amend his complaint and re-state his fraud claims with specificity. Plaintiff filed his FAC on August 10, 2018. ECF No. 13.[1] Defendant now moves to dismiss Plaintiff's FAC.

# STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at

---

[1] Plaintiff also filed a Second Amended Complaint on August 13, 2018. *See* ECF No. 14. Because Plaintiff did not obtain leave to do so, this Court granted Defendant's Motion to Strike, ECF No. 16. Op. and Order, ECF No. 32.

2 – OPINION AND ORDER

555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

# DISCUSSION

## I. Defendant's Request for Judicial Notice

As a preliminary matter, Defendant requests that this Court take judicial notice of eight items:

Notice and Motion for Relief from Stay filed by Wells Fargo Bank, N.A. in Stephen Miles Munson Bankruptcy Case No. 10-39795-tmb ("Munson bankruptcy"), dated November 23, 2010 (ECF No. 18–1); Stipulated Order Granting Relief from Stay to Wells Fargo Bank, N.A. filed in Munson bankruptcy, dated April 29, 2011 (ECF No. 18–2); Debtor's Objection to Committee of Unsecured Creditors' Second Amended Plan filed in Munson bankruptcy, dated May 28, 2013 (ECF No. 18–3); Order Granting Summary Judgment, Denying Discharge, and Denying Motion to Strike filed in Vulcan Power Company v. Munson Adversary Case No. 11-03366.tmb ("Munson adversary"), dated October 21, 2013 (ECF No. 18–4); portions of the Order Confirming Committee of Unsecured Creditors' Second Amended Plan of Liquidation in Munson bankruptcy, dated April 18, 2013 (ECF No. 18–5); Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan and Notice of Confirmation Hearing in Munson bankruptcy, dated April 22, 2013 (ECF No. 18–6); Order of Dismissal of Appeal filed in Munson bankruptcy, dated February 4, 2014 (ECF No. 18–7); and Order of Dismissal filed in Munson adversary, dated April 29, 2014 (ECF No. 18–8).

See Def.'s Request for Judicial Notice.

Generally, material outside of the pleadings may not be considered in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir. 1995).

However, there are several exceptions to this general rule. First, a court may take judicial notice of "matters of public record," under Federal Rule of Evidence 201, so long as the facts contained therein are not subject to reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–90 (9th Cir. 2001); *Santa Monica Food not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006). Second, a court may take judicial notice of material incorporated into a complaint in order to develop its understanding of facts and inferences contained within the body of the complaint that are drawn from those incorporated materials. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Third, courts may properly notice, for the purpose of jurisdictional determinations, facts that are not subject to reasonable dispute that come from sources whose accuracy cannot be reasonably questioned. *Green v. U.S.*, 630 F.3d 1245, 1248 (9th Cir. 2011).

Defendant's notice request is appropriate with respect to Exhibits 1 through 8 because they are true and correct copies of a United States Bankruptcy Court judicial record in a case filed by Plaintiff on his own behalf. These documents "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned," *see* Fed. R. Evid. 201(b)(2), and their authenticity is not subject to reasonable dispute, *see Lee v. City of Los Angeles,* 250 F.3d 668, 688–90 (9th Cir. 2001); *Santa Monica Food not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006).

## II. Fraud

Defendant next argues that Plaintiff fails to state a claim for fraud under Oregon law. In Oregon, a party alleging a claim for fraud must allege the existence of nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

*Bank of N.Y. Mellon v. Stabenow*, 2017 WL 1538156, No. 3:16-cv-01590-MO, at *8 (D. Or Apr. 25, 2017) (citations omitted).

In addition to the general pleading requirements, a party "must state with particularity the circumstances constituting fraud or mistake." *Id.* (quoting Fed. R. Civ. P. 9(b)). This heightened standard requires a party to allege "the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Here, Plaintiff has not added any material factual allegations to his FAC. Plaintiff alleges twelve causes of action related to "numerous frauds." Pl.'s FAC 20–22. However, Plaintiff only generally refers to a scheme of fraud, naming several Wells Fargo employees and claiming that he was fraudulently induced to place a Wells Fargo mortgage on his property. *See id.* at 11–20. Like Plaintiff's previously dismissed complaint, Plaintiff's FAC does not sufficiently allege the time, place, and specific content of the alleged false representations.

Plaintiff responds that he initially pled his fraud claim pro se and that he "now has counsel who *can* draft a concise but complete [c]omplaint which will satisfy the pleading requirement." Pl.'s Resp. 3 (emphasis added). Approximately six months ago, this Court set forth the elements of a fraud claim and explained that Plaintiff failed to include "the time, place, and

specific content of the false representations or the identities of the parties to the misrepresentations." Op. and Order 6. Plaintiff filed his FAC approximately two months later. Even proceeding pro se, Plaintiff should have been able to provide these details in his FAC and had ample time to do so.

Furthermore, Plaintiff fails to explain how he could further amend his complaint to meet the pleading requirements now that he has obtained counsel. He has neither attached a proposed amended complaint nor has he filed a motion for leave to amend. Notably, Plaintiff's response to Defendant's Motion to Dismiss was originally due on September 7. This Court gave Plaintiff an additional fourteen days from September 13 to obtain counsel, Order, ECF No. 23, and another fourteen days after that to respond, Order, ECF No. 28. Despite these extensions, Plaintiff's Response still fails to demonstrate that he can state his fraud claim with specificity.

Because Plaintiff's claims fail to sufficiently allege the elements of fraud with the particularity required by Fed. R. Civ. P. 9(b), the claims do not provide sufficient notice to allow Defendant to defend against the charge.

Even if Plaintiff had stated a sufficiently detailed fraud claim, he cannot overcome standing, preclusion, and statute of limitations issues.

Regarding standing, the bankruptcy court issued an Order Confirming Committee of Unsecured Creditors' Second Amended Plan of Liquidation on June 26, 2013. Def.'s Request for Judicial Notice 51, Ex. 5. Among other things, the Order provided for the creation of a Trust and the transfer of Plaintiff's estate's assets to the Trust. Def.'s Request for Judicial Notice 53, Ex. 5, at 3. The Liquidating Trust Agreement gives the Liquidating Trustee the "sole authority and standing to bring all Rights of Action transferred to the Trust." Def.'s Request for Judicial Notice 115, Ex. 1, Ex. A, at 7.

Plaintiff argues that the right to bring this case re-vested in him when the Liquidating Trust terminated on July 2, 2018 because the right was "abandoned" under 11 U.S.C. § 554(c). Pl.'s Resp. 2; *see* Pl.'s Resp. 5, Ex. A, at 1. Section 554(c) states that any property not otherwise administered at the time the case is closed is abandoned to the debtor. Here, Plaintiff's claims were "administered" through the resolution of the case, which closed on July 25, 2016 and required Plaintiff to surrender the property back to the bank. *See* Def.'s Reply 3. Therefore, Plaintiff still lacks standing to bring such claims.

Plaintiff's claims also face claim and issue preclusion issues because Plaintiff's loan was already determined to be proper, *see* Def.'s Request for Judicial Notice 9–31, Ex. 1; Def.'s Request for Judicial Notice 33–36, Ex. 2, and Plaintiff did not list his fraud claim on the bankruptcy court schedule. The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citations omitted). "[I]t is very important that a debtor's bankruptcy schedules and statement of affairs be as accurate as possible, because that is the initial information upon which all creditors rely." *Id.* at 785 (quoting *In re Coastal Plain, Inc.*, 179 F.3d 197, 208 (C.A.5 1999)).

Here, Plaintiff listed a conversion claim against Defendant without stating an estimated damage value. Pl.'s Resp. 18, Ex. B, at 11. This was insufficient to put creditors on notice. While Plaintiff listed fraud claims against other entities, demonstrating that he knew how to list such claims, *see id.* at 16, Ex. B, at 9, he failed to list the instant fraud claim against Defendant. Plaintiff is now estopped from bringing a fraud claim.

In addition, Plaintiff's claims are barred by the applicable statute of limitations. Common law fraud claims are subject to a two-year statute of limitations period under Oregon law. *Maixner v. BAC Home Loans Servicing, LP*, No. 10-3037-CL, 2011 US Dist. LEXIS 152774, at *16 (D. Or. Oct. 26, 2011). Plaintiff obtained the loan at issue from Wells Fargo on or about October 7, 2008 and alleges that a Wells Fargo representative guaranteed him a low interest rate "within a few months." *See* Pl.'s FAC 16–17. Therefore, Plaintiff's cause of action for fraud accrued in early 2009 at the latest and falls outside the two-year period in which to bring a claim.

Contrary to Plaintiff's assertion, 11 U.S.C. § 108(b) does not control. *See* Pl.'s Resp. 2. Section 108(b) only applies to trustees and debtors in possession. *See Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1460 (5th Cir. 1987) ("While a debtor-in possession is entitled to § 108's tolling period, however, a debtor is not."). Plaintiff does not claim to be either. Even if § 108 did apply to Plaintiff, the tolling period would have already expired.[2]

## CONCLUSION

Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims are dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this 11th day of December, 2018.

s/Michael J. McShane
Michael J. McShane
United States District Judge

---

[2] The tolling period under § 108(a)(2) and (b)(2) runs from the "order of relief." The "order of relief" is the filing of the petition with the bankruptcy court. 11 U.S.C. § 301. Here, Plaintiff filed his petition on October 14, 2010. Pl.'s Resp. 2; *see also* Def.'s Request for Judicial Notice 109. Therefore, the tolling period would have expired in December 2010 or October 2012, respectively. *See Seawinds Ltd. v. Nedlloyd Lines, B.V.*, 80 B.R. 181, 187 (N.D. Cal. 1987) (explaining that "[s]ince the filing of the petition for bankruptcy constitutes entry of an 'order for relief' within the meaning of the statute [citation omitted], section 108(a) provides a 'tolling period' of at least two years after the plaintiff-debtor files a petition for bankruptcy."), *aff.d*, 846 F.2d 586 (9th Cir. 1988).